■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY GRANT, Appellant. [663 NYS2d 540] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered March 8, 1996, convicting the defendant, upon his guilty pleas, of robbery in the first and second degrees, and sentencing him to concurrent prison terms of 3 to 9 years and 2 to 6 years, respectively, unanimously modified, on the law and as a matter of discretion in the interest of justice, the sentence reduced to concurrent terms of 2 to 6 years and 1⅓ to 4 years, and otherwise affirmed.

On December 21, 1994, the defendant, in the presence of counsel, pleaded guilty to robbery in the first degree and robbery in the second degree in full satisfaction of the indictments. The defendant was a drug addict with no prior criminal record. The court told the defendant that if he completed an 18 to 24 month residential drug rehabilitation program, the court would consider imposing the mandatory minimum sentences of 1⅓ to 4 years and 2 to 6 years, or even some lesser sentence if the District Attorney's office would agree. At the plea hearing, the court spelled out to the defendant that its leniency was conditioned on his diligent efforts to rehabilitate himself and to cooperate with the court: "[I]f you don't complete the program, if you get kicked out of the program, if your urine is dirty, you use drugs, if you get arrested again for anything, if you don't

show up in court when your appearance is required because you decide to jump bail for whatever reason, then * * * I'm giving you 25 years in jail".

The defendant was paroled to the Daytop residential treatment program in April 1995 and made great progress there. However, in January 1996, Daytop administrators decided to rotate him to their outpatient program in Manhattan, since the in-house facility did not feel equipped to handle some issues that the defendant had raised in his therapy sessions. The defendant protested, because he was aware of his obligation to remain in a residential program, but Daytop assured him that the transfer would be cleared with the court. In actuality, the court was not informed.

Though his attendance at scheduled court dates had been regular in the past, the defendant failed to appear at his last scheduled date, January 31, 1996, because he did not know about it. At the sentencing hearing, he explained that his practice had been to rely on his attorney and on the staff at Daytop to keep him informed. He had not been present at the December appearance, when the January date was set, due to a blizzard, which had also caused the phone service at Daytop to be cut off.

At the time of sentencing, the defendant had been drug-free for 1½ years. After being released to the outpatient program, he had not been arrested, and had stayed away from his former disreputable friends. In addition, he was studying for his GED.

The court at the sentencing hearing properly criticized Daytop for its irresponsibility in misleading the defendant and releasing a violent offender to an outpatient program without asking the court for permission. However, the court was wrong to ignore substantial evidence of the defendant's rehabilitation, and to impose a sentence greater than the promised minimum because of a default that was not the defendant's fault.

The defendant had not violated any of the plea conditions to which he agreed in exchange for a minimum sentence. His accidental non-appearance at the January court date did not resemble the willful bail-jumping scenario contemplated by the court when it imposed this plea condition. He also did his best to remain in a residential treatment program. He left because the Daytop administrators transferred him to a setting which they thought would meet his needs better—not because he used drugs or quit the program. The defendant justifiably relied on Daytop's assurances that it would obtain the court's permission for the transfer. Moreover, even if he *was* negligent in fail-

ing to inform the court personally, this default does not show such an egregious lack of responsibility as to outweigh his diligent, good-faith efforts to overcome his addiction and deal with his personal problems. Any violations of the plea conditions were merely technical and did not amount to a failure by the defendant to keep his part of the bargain.

It is therefore ordered that the defendant's sentence be reduced to concurrent terms of 1⅓ to 4 years and 2 to 6 years. Concur—Rosenberger, J. P., Wallach, Rubin, Tom and Colabella, JJ.